Present: Carrico, C.J., Compton, Stephenson, Lacy, Hassell, and
Keenan, JJ., and Whiting, Senior Justice

DEBRA I. JOHNSON, ET AL.
                        OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
v.  Record No. 941482
                                January 12, 1996
GRACE MARCEL

              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                          John D. Gray, Judge


     The sole issue in this appeal is whether the plaintiffs'

amended motion for judgment states a legally cognizable cause of

action.

     Plaintiffs Debra I. Johnson and Karlista Brennan initially

sued Grace Marcel, seeking to have her enjoined from threatening

and harassing them and from interfering with their possessory

rights in premises they had leased from Marcel.  On November 15,

1993, the trial court entered a temporary injunction, which was

extended for an indefinite period on December 27, 1993.

     On January 11, 1994, with leave of court, the plaintiffs

filed an amended motion for judgment against Marcel, alleging

that she had caused them physical harm and emotional distress and

seeking compensatory and punitive damages.  Marcel demurred to

the amended motion for judgment, claiming that it was

"insufficient in law in that there is no nexus between the

compensatory and punitive damages sought, and any duty owed by

[Marcel] to . . . the plaintiffs" and that "there has been no

allegation of any causal connection between any specific actions

 of [Marcel] and [the] alleged loss, damage, or injury of

plaintiffs."

     On May 31, 1994, the trial court sustained the demurrer and

dismissed the action. The plaintiffs appeal.

The facts are those alleged in the amended motion for judgment, which are summarized as follows. Pursuant to separate rental agreements, the plaintiffs became co-tenants of a town house owned by Marcel. Soon thereafter, Marcel began to solicit Johnson's advice and involvement in prospective business ventures, but Johnson rebuffed Marcel's efforts to develop a business relationship. On November 6, 1993, Marcel demanded that Johnson vacate the town house. Johnson, however, had prepaid rent through December 20, 1993, and refused to vacate the premises. Marcel then sought to enlist assistance from Brennan to evict Johnson, but Brennan declined. On November 13, 1993, Marcel demanded that Brennan vacate the premises within 24 hours.

On November 15, 1993, the plaintiffs sought the court's protection from Marcel's continued harassment and efforts to evict them. The next day, the temporary injunction order was served on Marcel.

Despite the issuance of the injunction, Marcel continued to harass the plaintiffs. She telephoned them at home and at work. She changed the locks on the town house garage, and she entered the town house without the plaintiffs' permission. She called Johnson's father in North Carolina and repeatedly told him that Johnson was "crazy."

On November 18, 1993, about midnight, Marcel pulled the plaintiffs' downstairs telephone out of the wall socket. Also

that night, she blocked the plaintiffs' driveway and made excessive noise by screaming, banging on doors, and threatening Johnson with arrest.

As a result of Marcel's actions, the plaintiffs, fearful for their physical and mental well-being, were forced to vacate the premises before their leases expired. Consequently, they went into hiding and lost their security deposits and prepaid rents. They also incurred expenses for temporary housing.

The plaintiffs contend that their allegations in the amended motion for judgment state a claim of common law trespass. They also contend that, because the trespass was deliberate and accompanied by aggravating circumstances, they may claim damages for emotional distress. We agree.

Although Marcel owned the premises, the plaintiffs, as tenants, had the right of possession. See Hannan v. Dusch, 154 Va. 356, 360, 153 S.E. 824, 825 (1930). Therefore, under the circumstances of the present case, Marcel had no right to enter the premises without the plaintiffs' consent.

According to the allegations in the amended motion for judgment, however, Marcel entered the premises without the plaintiffs' consent. Despite the injunction, she also changed the locks on the plaintiffs' garage, ripped the downstairs telephone out of the wall socket, blocked the plaintiffs' driveway, and continually threatened, abused, intimidated, and harassed the plaintiffs. We think these allegations state a

- 3 -

claim of common law trespass.

We also think the plaintiffs may claim damages for emotional distress. Where, as here, the alleged trespass is deliberate and accompanied by aggravating circumstances, damages for emotional distress may be recoverable in the absence of physical injury. Peshine v. Shepperson, 58 Va. (17 Gratt.) 472, 486 (1867); see Sea-Land Service, Inc. v. O'Neal, 224 Va. 343, 354, 297 S.E.2d 647, 653 (1982).

We hold, therefore, that the amended motion for judgment states a cause of action for deliberate trespass and that the trial court erred in sustaining the demurrer.[*]T Accordingly, the trial court's judgment will be reversed and the case will be remanded for further proceedings consistent with this opinion.

Reversed and remanded.

---

[*]We reject the plaintiffs' other contentions. We conclude that the amended motion for judgment does not state causes of action for a private nuisance, for a "generalized intentional tort," or for recovery under the Virginia Residential Landlord and Tenant Act, Code § 55-248.2 et seq.

- 4 -